369-08/PJG/BGC
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BC 1651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KOKKINAKI SHIPPING LIMITED,                          08 CV    (   )

　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　VERIFIED COMPLAINT

- against -

DAXIN PETROLEUM PTE LTD.,

　　　　　　　　　　Defendant.
------------------------------------------------------------------x

Plaintiff KOKKINAKI SHIPPING LIMITED ("KOKKINAKI"), as and for its Verified Complaint against DAXIN PETROLEUM PTE LTD. ("DAXIN") alleges upon information and belief as follows:

1.　　This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.  At all times relevant hereto, Plaintiff KOKKINAKI was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at c/o Novoship (UK) Ltd., Watergate House, 13-15 York Building, London, WC2N 6JU, U.K.

3.  At all times relevant hereto, Defendant DAXIN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 65 Chulia St. Ste. 41-06/08, OCBC Centre, Singapore 049513.

4.  On or about December 13, 2007, Plaintiff KOKKINAKI, as owner, and Defendant DAXIN, as charterer, entered into a maritime contract of charter party for the carriage of fuel oil from Singapore to multiple discharge ports including but not limited to Sonbang and Songrim onboard the M/V VALDIMIR KOKKINAKI. A true and correct copy of the charter party recap is attached as Exhibit A.

5.  Plaintiff KOKKINAKI duly tendered the vessel into service under the charter and the voyage was performed.

6.  During the performance of the charter, Defendant DAXIN incurred demurrage for which it is liable to Plaintiff KOKKINAKI under the terms of the charter party.

7.  The demurrage incurred by Defendant DAXIN amounts to $32,150.19. A copy of Plaintiff KOKKINAKI's demurrage invoice sent to Defendant DAXIN by Plaintiff KOKKINAKI's operation managers is attached hereto as Exhibit B.

8.  Notwithstanding DAXIN's obligation to pay demurrage under the terms of the charter party, none of the demurrage charges have been paid.

9.  Plaintiff KOKKINAKI has fulfilled all obligations required of it under the charter party.

10. The charter party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London, and the right to have the merits of the dispute determined in London arbitration is reserved.

11. Plaintiff KOKKINAKI has commenced and/or soon will commence arbitration in London.

12. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorneys' fees, arbitrators' fees, disbursements and interest are recoverable.

13. Pursuant to the New York Convention and Supplemental Admiralty Rule B, KOKKINAKI is entitled to security.

14. This action is brought to obtain security in favor of Plaintiff KOKKINAKI in respect to its claims against Defendant DAXIN under the charter party.

15. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorneys' fees and costs in arbitration proceedings and interest, all of which are recoverable under the law of the forum.

16. Plaintiff KOKKINAKI estimates that its anticipated attorneys' fees and costs to arbitrate this matter will total USD $20,000 and that interest at the rate of 8% for a period of 2.5 years (the estimated time of completion of arbitration) will total USD $6,430.02.

17. Plaintiff KOKKINAKI estimates, as nearly as can be computed, the total amount of its claim which is sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiff KOKKINAKI against Defendant totals **USD $58,580.21.**

18. Upon information and belief, and after investigation, the Defendant identified in this action cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to ASSETS in its name, or as may be held, received or transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

WHEREFORE, Plaintiff KOKKINAKI SHIPPING LIMITED prays:

a. That process in due form of law according to the practice of this Court issue against Defendant citing it to appear and answer the foregoing;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of **$58,580.21** may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees

who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That an Order be entered directing Defendant to proceed to arbitration for the adjudication of the merits of the claim;

d.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to and enforce any arbitration award that may be rendered; and

e.  That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        July 8, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff

By: _____
    Peter J. Gutowski (PG 2200)
    Barbara G. Carnevale (BC 1651)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900
    (212) 425-1901 fax

## ATTORNEY VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
PETER J. GUTOWSKI

Sworn to before me this
8th day of July, 2008.

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

# Ex. A

Frolov Vladimir Viktorovich
_____

От:              Roschin Vadim Yurievich
Отправлено:     13 декабря 2007 г. 15:39
Кому:           Frolov Vladimir Viktorovich; Emets Natalya Nikolaevna
Тема:           FW: VALDIMIR KOKKINAKI/DAXIN - CP DD 13TH DECEMBER, 2007 - CORRECTED


Best Regards
Vadim Roschin / Novoship (RU), Chartering e-mail   charter@novoship.ru
              chartering@novoship.ru
              roschin@novoship.ru
ph office     +(7) 8617 601645 / 601647 / 612922
ph mobile     +(7) 8617 627382
fax.  +(7) 8617  612606
aoh.          +(7) 8617  613555
yahoo id:     vroshchin2002
-----Original Message-----
From: VR Shipbrokers [mailto:Tankers@vrshipbrokers.se]
Sent: Thursday, December 13, 2007 3:33 PM
To: Roschin Vadim Yurievich
Cc: VR Shipbrokers
Subject: VALDIMIR KOKKINAKI/DAXIN - CP DD 13TH DECEMBER, 2007 - CORRECTED

VADIM/MICHELE

AMENDED RECAP

VALDIMIR KOKKINAKI/DAXIN - CP DD 13TH DECEMBER, 2007
===================================================
WE ARE PLEASED TO RECAP THIS FIXTURE WITH ALL SUBJECTS LIFTED.

ACCT DAXIN PETROLEUM PTE LTD

SHIP: VLADIMIR KOKKINAKI
------------------------
SDWT: 28.750 MT
DRAUGHT: 11 M
LOA: 178,96 M
BEAM: 25,30 M
BUILT: 1986
FLAG: MALTESE
CAPACITY AT 98 PCT: 30.565 CBM EXCL SLOP TANKS
COILED: YES
SBT: YES
COW: YES
IGS: YES
TPI: 39.1
BCM: 90
KTM: 49
CLASS: DNV
PANDI: WEST OF ENGLAND
DERRICKS: 1 X 12.5
SCNT: N/A
PCRT: N/A
GRT: 18526
TTBOOK WOG VSL IS ACCEPTABLE TO: LITASCO UNTIL 23.07.07  VESSEL HAS BEEN FITTED WITH A DOUBLE HULL ARRANGEMENTS,  ACCEPTABLE IN ACCORDANCE WITH MARPOL REGULATION 13G (1)(C).
OWNERS CONFIRM THAT VESSEL'S SLOP TANKS ARE CLEAN, EMPTY  AND SEALED AND WILL NOT BE USED FOR THE CARRIAGE OF CARGO  AND OR SLOPS FOR THE WHOLE DURATION OF THIS CHARTER PARTY.
NO LINE DISPLACEMENT.
NO FLUSHING OF SHORE PIPELINES. IF CLEANING/FLUSHING REQUIRED  CHARTERERS TO PROVIDE

1

SHORE RECEPTION FACILITIES AT CHTRS TIME AND COST.
LAST CGO: FO
2ND CGO : FO
3RD CGO : FO

FOR

CARGO       : CHOP UPTO FULL CARGO, MAX 2 GRDS FUEL OIL WVNS
              VSL TO MAINTAIN CGO AT LOADED TEMP BUT MAX 135 DEG F
              LOADED TEMP NEVER TO EXCEED 165 DEG F
              ALWAYS CONSISTENT WITH SAFE SAILING DRAFTS AT LOADPORTS

LOAD        : 1 SP SINGPORE-PASIR GUDANG RANGE INCLUDING STS AT KARIMUN OR
              TANJONG PELEPAS RANGE

DISCH       : 1 SP HONGKONG OR IN CHOPTION
              1 SP SKOREA (YOSU/ULSAN RNAGE)   OR INCHOPTION
              1/2 NORTH KOREA

LAYCAN      : 24/28 DECEMBER, 2007

FREIGHT IN USD LUMPSUM :

              750,000 FOR NORTH KOREA BASIS 2 DISPORTS WITH OWNERS FREE
              OF D/A AT LOAD AND DISCHARGE
              700,000 FOR 1 PORT NORTH KOREA WITH OWNERS FREE OF D/A AT LOAD
              AND DISCHARGE
              450,000 FOR HONGKONG WITH OWNERS FREE OF D/A AT LOAD AND
              DISCHARGE
              690,000 FOR SKOREA WITH D/A AT LOADING FOR CHARTERRES ACT
                      D/A AT DISCHARGE OWNERS ACT BUT CHTRS TO PAY
                      FOR ANCHORAGE DUES

DEM       : USD 20,000/- PDPR

LAYTIME : 96 HOURS

WSTC

VITOL ELY LOAD CL AMENDED TO READ 50 PCT INSTEAD OF ALL TIME

BIMCO ISPS CL

Y/A RULES 1974 AS AMENDED 1994

ENGLISH LAW/GAARB LONDON

OWNERS' IGS CLAUSE:

ANY DEINERTING-REINERTING TIME AND COST TO BE FOR CHARTERERS ACCOUNT.

OWNERS' TAXES/DUES CLAUSE:

ANY TAXES AND/OR DUES ON CARGO AND/OR FREIGHT TO BE FOR CHARTERERS  ACCOUNT AND TO BE
SETTLED DIRECTLY BY THEM.

OWNERS' WEATHER CLAUSE:
------------------------
CONOCO WEATHER CLAUSE TO APPLY EXCEPT IF LIGHTERING, LIGHTERAGE, SHIP TO  SHIP,
SEALINE, SEABUOY, OPEN SEA BERTH, OFFSHORE SEATERMINAL, WHERE ALL  TIME LOST DUE TO
BAD WEATHER INCLUDING SEA CONDITIONS, TO COUNT IN FULL  AGAINST LAYTIME OR DEMURRAGE
IF THE VESSEL IS ON DEMURRAGE AND WHERE EXTRA  UNBERTHING, REBERTHING TIME AND
EXPENSES TO BE FOR CHRTRS ACCOUNT AND  SETTLED DIRECTLY BY THEM.

OWNERS' WAR RISK CLAUSE:
------------------------
WITHOUT PREJUDICE TO THE OTHER PROVISIONS OF THIS CHARTER WITH RESPECT  TO WAR RISKS,
ANY ADDITIONAL PREMIUM(S) PAYABLE BY THE OWNER UNDER THE  VESSEL'S WAR RISK INSURANCE
COVER (WHETHER SUCH ADDITIONAL PREMIUM IS  PAYABLE IN RESPECT OF AN AREA DESIGNATED AS
AN ADDITIONAL PREMIUM AREA  BEFORE OR AFTER THE DATE OF THIS CHARTER), BY VIRTUE OF
THE VESSEL (I)  PROCEEDING TO, ENTERING, REMAINING AT, AND/OR DEPARTING FROM ANY  AND

ALL LOAD PORTS UNDER THIS CHARTER AND/OR

(II) PROCEEDING TO, ENTERING, REMAINING AT AND/OR DEPARTING FROM ANY AND
ALL DISCHARGE PORTS UNDER THIS CHARTER AND/OR ANY CREW BONUS WHICH THE
OWNER AGREES TO PAY IN CONSEQUENCE OF THE MATTERS SPECIFIED IN (I) AND
(II) ABOVE, SHALL BE FOR THE CHARTERERS'ACCOUNT WHO ARE TO PAY TO THE
INSURERS THE AMOUNT DUE AGAINST PRESENTATION OF UNDERWRITERS/BROKERS
INVOICES (IN RESPECT OF PREMIUM) AND AGAINST OWNERS' INVOICES (IN RESPECT
OF CREW BONUS) ACCORDING TO INDUSTRY STANDARD.

OWNERS EMBARGO-NORTH KOREA CLAUSE
---------------------------------
CHARTERERS ACKNOWLEDGE THAT THE DEMOCRATIC PEOPLES REPUBLIC OF KOREA IS NOT A
JURISDICTION TO WHICH MANY OWNERS TRADE REGULARLY AND THAT OWNERS UNDER THIS FIXTURE
HAVE NO EXPERIENCE OF TRADING THERE. CHARTERERS WILL THEREFORE TAKE FULL
RESPONSIBILITY FOR DEALING WITH ANY CLAIMS, LOSSES, EXPENSES, DETENTION OR ARREST OF
THE VESSEL, OR ANY OTHER ISSUE ARISING IN THE DPRK AND WILL ENSURE THAT THE VESSEL IS
SAFELY REDELIVERED TO OWNERS IN ACCORDANCE WITH THE PROVISIONS OF THIS CHARTER AND
FREE OF ANY LIENS OR ENCUMBRANCES. CHARTERERS' OBLIGATIONS UNDER THIS CLAUSE CONTINUE
INDEFINITELY BEYOND REDELIVERY OF THE VESSEL IN RELATION TO ANY CLAIMS, LOSSES,
EXPENSES, DETENTION OR ARREST OF THE VESSEL, OR ANY OTHER ISSUE ARISING AS A RESULT OF
HAVING TRADED TO THE DPRK.

OWNERS ACKNOWLEDGE THAT, NOTWITHSTANDING THE PROVISIONS OF THE PREVIOUS PARAGRAPH OF
THIS CLAUSE, CHARTERERS REMAIN AT LIBERTY TO SEEK AN INDEMNITY FROM OWNERS FOR ANY
LIABILITIES, COSTS OR EXPENSES INCURRED IN RELATION TO THIS FIXTURE WHERE SUCH ARISE
FROM A BREACH OF CHARTER BY OWNERS HOWEVER SUCH CLAIMS ARE ONLY TO BE PRESENTED
FOLLOWING THE SUCCESSFUL REDELIVERY OF THE VESSEL IN ACCORDANCE WITH THIS CHARTER.

ICE CLAUSE
----------
ANY ICE DUES TO BE FOR CHARTERERS' ACCOUNT ANY EXTRA INSURANCE WHILE IN BREACH OF IWL
OR DUE TO ICE IS FOR OWNERS' ACCOUNT ANY BUNKERS WHILE TRADING IN ICE SHALL BE FOR
OWNERS' ACCOUNT.

THE VESSEL IS NOT TO FORCE ICE BUT TO FOLLOW ICE BREAKERS ALWAYS SUBJECT TO MASTER'S
FINAL DECISION WHETHER IT IS SAFE TO PROCEED. THE VESSEL SHALL NEVER TRADE IN ICE
BEYOND THE VESSEL'S CLASS.

IF THE VESSEL IS FOLLOWING ICE BREAKER THEN ALL COST OTHER THAN INSURANCE INCLUDING
BUT NOT LIMITED TO ICE BREAKERS, EXTRA WINTER TUGS, ICE ADVISORS AND PILOTS, SHALL BE
FOR CHARTERERS' ACCOUNT AND PAYABLE DIRECTLY BY CHARTERERS.

IF VESSEL IS BESET BY ICE OR TRADING IN ICE TIME LOST, FOR KEEPING SHIP SAFE FROM HULL
DAMAGE BY CONTINOUS USE OF ICE BREAKERS/TUGS TO BE FOR CHTRS ACCOUNT, UNLESS ABOVE IS
CAUSED BY MASTER/VESSEL'S FAULT.
CHARTERERS TO MAKE ALL EFFORTS TO PREVENT VESSEL FROM BECOMING BESET IN ICE. VESSEL
WILL FOLLOW ALL REASONABLE INSTRUCTIONS FROM RUSSIAN ICEBREAKERS. ALL COST UNDER THIS
CLAUSE IS PAYABLE DIRECTLY BY CHARTERERS.

LAYTIME DEMURRAGE AND TIME LOST DUE TO ICE SHALL BE CALCULATED AS FOLLOWS :
LOADING PORTS (ICE BOUND) VESSEL TENDERS NOTICE OF ARRIVAL ON ARRIVAL ICE EDGE. VESSEL
TO TENDER NOTICE OF READINESS AT CUSTOMARY ANCHORAGE CHARTERERS SHALL HAVE THE BENEFIT
OF 6 HOURS NOTICE EVEN IF NOT USED

CALCULATION OF HOURS USED AT LOAD PORT:
DD-MM-YY XX:XX TIME OF ARRIVAL AT ICE EDGE (INBOUND) DD-MM-YY XX:XX TIME OF DEPARTURE
FROM ICE EDGE (OUTBOUND)

   TOTAL HOURS USED AT LOADING PORT(S), INCLUDING DELAYS TO ICE
   OR DUE TO SLOW STEAMING

LESS THEORETICAL TIME USED FROM ICE EDGE (INBOUND) TO LOADING
   PORT CALCULATED BY MASTER ASSUMING SPEED AT 12.5 KNOTS

LESS THEORETICAL TIME USED FROM LOADING PORT TO ICE EDGE (OUTBOUND)
   CALCULATED BY MASTER ASSUMING SPEED AT 12.5 KNOTS

LESS 6 HOURS ALLOWANCE
LESS 96 HOURS LAYTIME ALLOWED
LESS TIME LOST DUE TO VESSEL'S FAULT BESET BY ICE, OR TRADING IN ICE.

LESS   ALL DEDUCTIONS IN ACCORDANCE WITH GOVERNING C/P

MASTER TO SEND CHARTERERS DAILY ICE REPORT (SUCH REQUEST TO BE INSERTED IN THE VOYAGE ORDERS).

PLUS DAXIN CHARTERERS' CLAUSES WITH OWNERS' AMENDMENTS

(BASED ON V KOKKIANKI/DAXIN CP 21.03.07, AS BELOW, PROVIDED LOGICALLY AMENDED)

CL. 1 DELETE, N/A
CL. 2 DELETE, N/A
CL.3- AT THE BEGINNING INSERT "TO THE BEST OF OWNERS KNOWLEDGE"
LINE 4 AFTER "FURTHERMORE" INSERT "TO THE BEST OF OWNER KNOWLEDGE"
LINE 5 DELETE "ANY MAJOR OIL COMPANY"
LINE 6 DELETE "OR OTHER ORGANISATION WHATSOEVER"
CL.5- DELETE NA
CL. 7 ADD 'EXCEPT IN THE CASE WHERE THE VOYAGE IS FIXED ON LUMPSUM  FREIGHT IN WHICH CASE ALL DUES, CHARGES AND TOLLS RELATING TO THE  PERFORMANCE OF THIS VOYAGE SHALL BE CONSIDERED INCLUDED IN THE LUMPSUM  FREIGHT AND CONSEQUENTLY SHALL BE FOR OWNERS ACCOUNT'

CL. 8 DELETE '1990' AND REPLACE WITH '1994'
CL. 9 DELETE 'SINGAPORE' AND REPLACE WITH 'LONDON'
CL.14- 2ND PARA LINE 4 DELETE FROM "AND THAT IF" TILL END OF CL
CL.15 BEFORE '100 PSI' INSERT 'AVERAGE' TWICE  1ST SENTENCE ADD IN THE END ', EXCEPT DURING STRIPPING, BUT MAX
3 HOURS'.
CL.16 SUB CLAUSE (B) SUB CLAUSE IV) AFTER 'PAYMENT' INSERT 'TELEXED,  FAXED OR E-MAILED'
DELETE FROM 'TO BE SUBMITTED...' TILL THE END OF THE CLAUSE AND  REPLACE WITH 'WITHIN 30 DAYS AFTER RECEIPT OF THE CLAIM'
CL 17 DELETE AND INSERT
IF TIME PERMITS VESSEL TO GIVE CHARTERERS AT LEAST 72/48/24 HOURS ETA  NOTICES AT LOAD AND DISCHARGE PORTS. VESSEL TO COMPLY WITH ETA NOTICES  AND ALL INTERNATIONAL AND NATIONAL REGULATION REQUIREMENTS, FAILING  WHICH, ANY PROVEN DELAY CAUSED BY VESSELS FAULT TO PROVIDE RELEVANT ETA  NOTICES EITHER AT LOAD OR DISCHARGE PORT(S) SHALL BE FOR OWNERS'ACCOUNT.
CL.18 INSERT 'ABOUT 13K WSNP'
CL.19 DELETE IN FULL AND REPLACE WITH 'CHARTERERS' AGENTS BOTH END  PROVIDED COMPETITIVE'.
CL.21 1ST SENTENCE ADD IN THE END 'PROVIDED SUCH SIGNATURES WERE  AVAILABLE'
CL.22 DELETE IN FULL.
CL.24 SUB CLAUSE (A) 2ND PARE LINE 4 DELETE 'UNTIL THE CARGO HOSES  ARE DISCONNECTED' AND INSERT 'UNTIL THE VESSEL IS UNMOORED'
LINE 8 DELETE 'ONE HALF' INSERT 'FULL'
LINE 9 DELETE 'ONE HALF DEMURRAGE' INSERT 'FULL DEMURRAGE'
SUB CLAUSE (B) LINE 19 AFTER 'WHARF/BERTH' INSERT 'PROVIDED THE  BERTH IS AVAILABLE AND REACHABLE UPON COMPLETION OF SUCH  OPERATION'
ADD IN THE END OF THE CLAUSE 'SHIP TO SHIP OPERATION TO BE  CONDUCTED ACCORDING TO THE LATEST EDITION OF ICS/OCIMF 'STS  TRANSFER GUIDE (PETROLEUM) AND IS SUBJECT TO MASTER'S  SATISFACTION WHICH SHOULD NOT BE UNREASONABLY WITHHELD. ALL  TIME TO COUNT WEATHER PERMITTING OR NOT. ALL EQUIPMENT AND  PERSONNEL NECESSARY FOR THIS OPERATION SHALL BE SUPPLIED BY  CHARTERERS AT THEIR TIME, RISK AND EXPENSE.
IF CHARTERERS REQUIRE A SHIP-TO-SHIP TRANSFER OPERATION OR LIGHTENING  BY LIGHTERING BARGES TO BE PERFORMED, THEN CHARTERERS TO SUPPLY ALL  ADDITIONAL EQUIPMENT FOR S-T-S OPERATION AT THEIR OWN TIME AND  EXPENSE.
S-T-S OPERATION IS SUBJECT TO THE MASTER'S FINAL CONFIRMATION WHICH  SHOULD NOT BE UNREASONABLY WITHHELD. ALL TIME TO COUNT WPON'
CL.27 1ST SENTENCE DELETE 'DEDUCT FROM FREIGHT' AND REPLACE WITH  'CLAIM FROM OWNERS'
1ST SENTENCE AFTER 'PUMPABLE' INSERT 'LIQUID AND REACHABLE  BY VESSEL'S FIXED PUMPS'
CL.28-AT THE END OF 1ST PARA INSERT "BY ISSUING A LOI IN OWNERS  PANDI CLUB WORDING"
PARA 2 LINE 3 DELETE "MUTUALLY ACCEPTABLE"
LINE 4 DELETE "DAXIN PETROLEUM INTERANTIONAL LTD,  BERMUDA"
LINE 9 AFTER "LADING" INSERT ",PROVIDED NO CHANGE OF DESTINATION OCCURRED.
IF C.O.D CHTRS TO PRESENT FULL SET OF 3/3 OF ORIGINAL BILL OF LADING FULLY  ENDORSED, OWNERS TO RETURN 2/3 OF ORIGINAL BS/L AND KEEP 1/3 OF ORIGINAL  BS/L IN THEIR HANDS"
DELETE BALANCE OF CL
CL.30 -DELETE AND INSERT "DEBALLASTING TIME, UNLESS CONCURRENT  WITH CARGO OPERATION AND 1ST SHIFTING FROM ANCHORAGE TO  BERTH NOT TO COUNT AGAINST LAYTIME OR DEMURRAGE

4

EVEN IF VESSEL ALREADY ON DEMURRAGE"

CL.31- AT THE END INSERT "AT CHTRS TIME/EXPENSE"

CL.32 1ST SENTENCE ADD IN THE END 'PROVIDED SUCH SIGNATURE AVAILABLE'

CL.33- LAST LINE DELETE "REPLACEMENT" INSERT " AT COST"

CL.36-LINE 2 AFTER "RESPONSIBLE FOR" INSERT "PROVEN"
DELETE "OR INDIRECT"

CL.37-AT THE END INSERT "SUCH OPERATION ALWAYS TO BE CARRIED  OUT IN ACCORDANCE TO SAFETY RULES AND SUBJ TO MASTERS APPROVAL WHICH NOT  TO BE UNREASONABELY WITHELD.IF SO REQUIRED CHTRS TO ISSUE A LOI IN OWNERS  PANDI CLUB WORDING TO COVER SUCH OPERATION"

CL.38 1ST SENTENCE ADD IN THE END 'PROVIDED SUCH INSTRUCTIONS ARE  ISSUED IN ACCORDANCE WITH C/P TERMS'

CL.40 DELETE AND REPLACE WITH OWNERS' WAR RISK CLAUSE.

CL.42 DELETE, N/A

CL.43 DELETE AND REPLACE WITH OWNERS' WEATHER CLAUSE.

CL.44 DELETE

CL.45 DELETE '4' AND REPLACE WITH '3'

DAXIN BUNKER CLAUSE:(AMENDED)

OWNERS AGREE TO PURCHASE VESSEL'S BUNKER FUEL REQUIREMENT FROM  CHARTERER, PROVIDED PRICES AND TERMS QUOTED ARE COMPETITIVE AND QUALITY  MEETS OWNERS REQUIRED SPECIFICATIONS AND PROVIDED GRADES ARE AVAILABLE AT  PORT CALLED UNDER THIS CHARTER. IN THE EVENT OWNERS SHOULD RECEIVE LOWER  QUOTATIONS FROM OTHER SUPPLIERS, CHARTERERS SHALL BE GIVEN THE OPPORTUNITY  OF MEETING SUCH QUOTATION.

SUBJECTS CHTRS REVIEW OF OWNERS ICE CLAUSE AND TRADE EMBARGO CLAUSE

COMISSION : COMM: 3,75 PCT TTL ADDRESS DISCOUNT DEDUCTABLE AT SOURCE

END


BEST REGARDS
MICHELE TURPINI
VR SHIPBROKERS & CO AB
FARSTA GARAGE
ODELBERGSVÄG 12
13440 - GUSTAVSBERG
SWEDEN
EMAIL: TANKERS@VRSHIPBROKERS.SE
YAHOO: MTURPINI
PHONE: +46 8 570 300 10
FAX  : +46 8 570 300 11
MOBILE: +46 70 553 48 47

# Ex. B

 **NOVOROSSIYSK SHIPPING COMPANY**

ADDRESS: 1. UL. SVOBODY, NOVOROSSIYSK 353900, RUSSIAN FEDERATION
E-MAIL: novoship@novoship.ru
PHONE: +7 (8617) 601602
FAX: +7 (8617) 601060

INVOICE NO. VLKO/200710/800

DAXIN PETROLEUM
DAXIN PETROLEUM

INVOICE DATE   22/01/08

CUST REF

| VESSEL | VOY. NO. | C/P DATE | FIXTURE NO. |
|---|---|---|---|
| VLADIMIR KOKKINAKI | 200710 | 13/12/07 | |
| TERMS OF PAYMENT | | B/L DATE | DUE DATE |
| AS PER CHARTER PARTY | | 26/12/07 | |

| DESCRIPTION | | AMOUNT USD |
|---|---|---|
| **DEMURRAGE INVOICE** | | |
| Demurrage as per enclosure | 20,000.00 | 33,402.80 |
| 3.75 % Address Commission | | -1,252.61 |
| Total: | | 32,150.19 |

DEMURRAGE INCURRED IN ACCORDANCE WITH AGREED C/P CLAUSES.

REMIT TO
CALYON CORPORATION AND INVESTMENT BANK, 9 QUAI DU PRESIDENT PAUL DOUMER, 92920 PARIS LA DEFENSE CEDEX, FRANCE, BENEFICIARY : KOKKINAKI SHIPPING LTD. - ACCOUNT NO: 00 2129 6456 7, SWIFT: BSUIFRPP CORRESPONDING BANK: CALYON AMERICAS NEW-YORK, ABA 0260-0807-3, SWIFT CRLYUS33 ACC NO CALYON PARIS 0100383000100. IF REMITTING FROM AN EUROPEAN COUNTRY: IBAN NO FR76 3148 9000 1000 2129 6456 747

PLEASE REFER TO INVOICE NO.
WHEN REMITTING


